Clarence T. Slaughter v. Commissioner of Internal Revenue, Respondent.
Slaughter v. Commissioner
Docket No. 44083.
United States Tax Court
T.C. Memo 1954-58; 1954 Tax Ct. Memo LEXIS 189; 13 T.C.M. (CCH) 515; T.C.M. (RIA) 54164; June 9, 1954, Filed *189 William M. Blackwell, Esq., State-Planters Bank Building, Richmond, Va., for the petitioner. James A. Scott, Esq., and Stanley W. Ozark, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies and additions for fraud under section 293(b) as follows: Year
Deficiency
Addition
1943
$15,381.06
$7,690.53
1944
11,905.36
5,952.68
1945
18,455.91
9,227.96
1946
15,462.31
7,731.16 The only issues for decision are whether the returns for 1943, 1944 and 1945 were false and fraudulent with intent to evade tax so that the statutory period for assessment and collection of the deficiencies and additions for those years has not expired and whether a part of each deficiency is due to fraud with intent to evade tax. Findings of Fact The petitioner filed his returns for the taxable years with the collector of internal revenue for the District of Virginia. The petitioner was engaged in the sea food packing business at Morattico, Virginia, from about 1925 until he sold the business in the latter part of September 1946. No adequate books or records were maintained for that business. The Commissioner *190 was warranted in determining the net income of the petitioner for the taxable years by the increase in net worth plus expenditures method and the deficiency determined by him for each year is correct. The following table shows the amount of net income reported by the petitioner on his returns and the difference between that amount and the larger amount of net income determined by the Commissioner for each year: Additional
net income as
Reported
determined by
Year
net income
Commissioner
1943
$50,822.55
$19,637.45
1944
28,866.01
17,225.02
1945
50,600.86
23,199.83
1946
16,780.84
29,028.09
The petitioner failed to report dividends of $35 which he received in 1945 and $434 which he received in 1946 on stock of a bank in Lancaster, Virginia. The petitioner kept no record of his dividends on the bank stock and offered as an excuse for his failure to report the $434 for 1946 that the bank had sent him no notice at the end of the year of the amount of the dividends paid him. The petitioner gave no explanation of his failure to report a total of $60,062.30 in the first three taxable years and some amount for 1946 in excess of $9,000, the *191 exact amount of which is not clear from the record. The petitioner sold his business in September 1946 for a price of $50,000. He received $30,000 of that amount in cash in 1946. He also received in 1946 four notes of $5,000 each for the balance. One of the notes was payable each year after 1946. The petitioner reported a long-term capital loss of $5,668.65 from the sale of his business, being the excess of $47,201.50, shown as the cost of the property, over $12,870.15, shown as depreciation allowed since acquisition, and $30,000 shown as the gross sales price. All of the notes were paid in 1947 and he reported the $20,000 on his return for that year as ordinary income. The $47,201.50 basis for the property included $1,199.35 as the adjusted basis of the boat Lina, $690 as the adjusted basis of the boat Dillard, and $15,000 as the cost of 4 1/2 acres of land, whereas the land had not cost more than $4,000, the entire cost of the boat Dillard had been recovered in previous years through deductions for depreciation, and the remaining unrecovered cost of the boat Lina was less than $1,199.35. The petitioner kept some records of his business in inexpensive, paper bound, composition *192 books. A complete set of the books for 1943 was available at the time of the trial, but no complete set was available for any other year. The following table shows in the left-hand column the totals derived from the composition book and in the righthand column the computation of the income from the business shown on the petitioner's return for 1943, for which year the correct net income was $70,460: Composition
book
Return
Gross sales
$392,140.42
$402,074.18
Purchases
233,684.48
243,844.02
Labor
56,847.55
69,161.00
Barrels and covers
1,425.55
Ice
2,308.43
Crab cans
3,969.95
Incidentals
610.85
Coal
345.25
Oyster shucking tax
691.30
Freight out
1,425.55
Commissions
20,861.38
Materials and supplies
15,694.32
Inventory at beginning
of year
701.30
Inventory at end of year
12,450.84
Other costs
724.87
Interest
525.00
Taxes
3,295.83
Depreciation
1,527.00
Rent, repairs and other
expenses
27,248.41
Net profit
69,970.13
51,803.29
The return for each taxable year was false and fraudulent with intent to evade tax. A part of the deficiency for each year was due to fraud with intent to evade tax. Opinion
*193 MURDOCK, Judge: The parties have stipulated that adequate books and records were not maintained and the Commissioner was warranted in determining the net income by the net worth plus expenditures method. The petitioner does not contest the correctness of the deficiencies as determined by that method. The parties agree that the statutory period for assessment and collection of the deficiencies and additions for fraud under section 923(b) expired unless the returns for those years were false and fraudulent with intent to evade tax. They also agree that the statutory period for the assessment and collection of the deficiency for 1946 has not expired. The Commissioner has determined that a part of each deficiency was due to fraud with intent to evade tax. He has the burden of proof in the case. The failure of the petitioner to report dividends on his bank stock would not be sufficient to prove fraud if it stood alone. The petitioner concedes that there was no loss on the sale of his business and his basis was overstated on his return, but he argues that there is no fraud in the reporting of that transaction. The inaccuracies in that situation would not be sufficient to prove fraud *194 if they stood alone. However, all of the evidence in the case, including that relating to the reporting of the dividends and that relating to the reporting of the sale, has been considered on the question of fraud. Evidence was introduced to show the totals of various items disclosed by the composition books kept by the petitioner for 1943, the only year for which a full set of composition books was available. The petitioner indicated that he relied upon those composition books to keep himself informed of the details and success of his business but he undoubtedly knew that those books were not adequate. This is demonstrated by comparing the totals taken from the composition books with the totals shown in the return for 1943. It is fair to assume that the petitioner had expenses and is entitled to some deductions for 1943 which were not shown in the composition books but other variances are not explained in the record. Counsel for the petitioner has made an effort to explain some of the variances but concedes his inability to explain others. His attempted explanations are based upon assumptions which he had made from adding machine tapes and pencil notations thereon together with *195 some work sheets which are described in the record merely as pieces of paper kept by the petitioner in an envelope with his retained copy of his 1943 return, which envelope is marked to indicate the year 1943 and the estimated tax for 1944. A study of this material does not enable the Court to make the reconciliations attempted by the petitioner's counsel. Regardless of what reconciliation the record might justify the fact remains that the correct net income for 1943 was grossly understated on the return. The petitioner reported $60,062.30 less income for the first three taxable years than he actually received and at least $9,000 less than he received for 1946, excluding the gain from the sale of his business. He gave no satisfactory explanation of his consistent failure to report these large amounts of income. His income from that business had been relatively small prior to 1942 in which year it practically doubled and thereafter it averaged about $62,000 annually. The petitioner is an intelligent man who has received considerable education, has studied accounting briefly and has had experience in business and financial matters. He was not unaware of his obligation to keep proper *196 records and make proper returns for Federal income tax purposes. He knew that a tremendous increase had taken place in his income and he opened a brokerage account through which he invested some of those profits. He later became a director of a bank. He successfully conducted his business for the better part of five years without making any effort to open a proper set of books and to keep accurate accounts of the business. He offered no excuse for this persistent failure to keep proper books and records and no adequate excuse occurs to the Court for such action on the part of an intelligent honest man. The Court, after careful study of the entire record and after observing the petitioner as a witness, has concluded that he intended to defraud the Government out of some of the tax on the large profits which he made during the four taxable years, and that his persistent failure to keep accurate records and his consistent gross understatement of his income on his returns were some of the means used to carry out that purpose. There is clear and convincing evidence that the returns were false and fraudulent with intent to evade tax and also that a part of each deficiency was due to fraud *197 with intent to evade tax. Decision will be entered for the respondent.